## HAYS *v.* PHENIX INS. Co.

*(Superior Court of New York City, General Term.* June 28, 1889.)

MARINE INSURANCE—DUTY OF MATE.

In an action on a policy of marine insurance, the defense was that the loss was caused, not by a peril of the sea, but by the omission of the master to take certain precautionary measures, which a careful and prudent captain would have taken, and the evidence was conflicting as to whether such omission was due to the master's intoxication, or to a sickness for which he was not to blame. *Held,* that the court properly charged that, if the master became incapable of discharging his duties, the duty devolved upon the mate to take his place, but that the mate could not be expected to ascertain his condition any sooner than it could have been ascertained by a reasonable and careful man, under the circumstances.

Appeal from jury term.

Argued before SEDGWICK, C. J., and FREEDMAN and TRUAX, JJ.

*George A. Black,* for appellant.    *Goodrich, Deady & Goodrich,* for respondent.

FREEDMAN, J.    This action was brought on a policy of marine insurance, insuring Parsons & Loud, on account of whom it may concern, in the sum of $1,500, on the body, tackle, apparel, and other furniture of the brig Emily T. Sheldon, for one year from July 14, 1885, and covering, among other risks, perils of the sea and barratry of the master and marines.    The plaintiff was the owner of three-sixteenths of said brig; was the master of the vessel, and in command of her at the time of her loss.    He was sailing the vessel on shares, furnished and paid the crew, and the provisions on board, which at the time of the loss were of the value of $130, belonged to him.    The policy was taken out for the account of the plaintiff.    The brig sailed from Booth-bay, Me., with a cargo of ice, on March 18, 1886, bound for Annapolis, Md., and went ashore at Peaked Hill bars, near Provincetown, on Cape Cod, on March 22, 1886.    She thereafter became a total loss, and was shipped and sold.    The net proceeds of said sale were $756.22, of which the plaintiff received three-sixteenths.    As the plaintiff was master and part owner, and in command at the time of the loss, no claim can arise from loss by barratry, and to recover the plaintiff must show a loss arising from the perils of the sea.    These perils, as defined by Kent, denote natural accidents peculiar to the sea, which do not happen by intervention of man, nor are to be prevented by human prudence.    Another definition of sea peril is "a sea damage occurring at sea, and nobody's fault."    At the trial it was made to appear that the brig was lost by reason of the omission of the plaintiff as master to take certain precautionary measures which a careful and prudent captain would have taken under the same circumstances, and the real substantial issue litigated was whether such precautionary measures were not taken in consequence of plaintiff's intoxication or in consequence of plaintiff's sickness, for which he was not to blame.    Upon this issue there was quite a conflict of evidence, which could only be determined by the jury, and the whole case was submitted to the jury under a charge which carefully guarded every right which the defendant could reasonably claim.    The defendant could not rightfully claim, upon all the facts disclosed, that, as matter of law, the mate should have ascertained the plaintiff's condition, and taken charge of the vessel in time to prevent her loss, and that, having failed to do so, it was such negligence on the part of the mate as relieved the defendant from liability.    The question of negligence on the part of the mate presented under all the circumstances a question of fact, and as such it was fairly submitted to the jury.    Upon this point the trial judge charged the jury that, if the captain was incapable of performing his duties, the duty devolved upon the mate to act in his place, but that the mate could not be expected to ascertain the captain's condition any sooner than that condition could be ascertained by a rea-

sonable and careful man under the circumstances. A careful examination of the whole case shows that there is no merit in any of the exceptions taken. The judgment and order should be affirmed, with costs.